[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In his single assignment of error, the defendant-appellant, Rodney Antonio Johnson, contends that there was insufficient evidence to support his conviction for robbery under R.C. 2911.02(A)(2). Specifically, Johnson contends that the requirement that he have either inflicted or attempted to inflict physical harm upon his victim was not satisfied by evidence showing only that he had grabbed the victim by the throat and thrown him to the ground. In Johnson's view, the absence of any further evidence of injury — for example, a cut or an abrasion precluded the jury from inferring that the victim had suffered physical harm while being wrenched to the ground by the throat.
As statutorily defined, "physical harm" is "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3). Johnson's argument confuses "physical harm" with visible injury. To satisfy the statutory definition, there need by only evidence allowing the jury to infer that the victim was physically harmed regardless of whether the harm manifested itself externally, or for any length of time. See Dayton v. Hadley (June 2, 1986), Montgomery App. No. 9509, unreported.
Here, there was sufficient evidence for the jury to have concluded that the victim was physically harmed, at least temporarily, when he was grabbed by the throat and hurdled to the ground. According to the victim, by grabbing his throat, Johnson "cut off my air supply." The victim testified that he was, in fact, being "strangled." It cannot be seriously argued that a person deprived of the oxygen necessary to breathe has not experienced an injury or "physiological impairment" amounting to physical harm.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
GORMAN, P.J., SUNDERMANN and WINKLER, JJ.